IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**RONALD EDWARD KILLEBREW,**

                **Plaintiff,**

v.                                              Case 2:18-cv-02139-JPM-cgc

**VA LOUISVILLE REGIONAL BENEFIT OFFICE,**

                **Defendant.**

---

**REPORT AND RECOMMENDATION ON IN FORMA PAUPERIS SCREENING PURSUANT TO 28 U.S.C. § 1915**

---

Before the Court is Plaintiff's *pro se* Complaint, which must be screened pursuant to 28 U.S.C. § 1915. The Section 1915 Screening has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

### I.   Introduction

Plaintiff's Complaint alleges that he has filed claims for veterans' benefits in August 2011, April 2013, and July 2017. Plaintiff alleges that his claims were "lumped together" and all denied. Plaintiff alleges that his claims were then sent to the Board of Veterans Appeals, which remanded the case to the agency in October 2017 with "clear and specific orders" that he must be

afforded "expeditious treatment." Plaintiff claims that he has not seen "any movement" on his claim and has received no response to his request to expedite his claims. Ultimately, Plaintiff alleges that the failure to process his claims in a timely manner violates the due process protections of the Fifth and Fourteenth Amendments of the United States Constitution.

## II. Proposed Analysis

Pursuant to Section 1915, in proceedings *in forma pauperis*, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)  A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District

Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

The Veterans Judicial Review Act of 1988 ("VJRA")[1] "established a multi-tiered framework for the adjudication of claims" regarding veterans' benefits. *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997); *see also Henderson ex rel Henderson v. Shinseki*, 562 U.S. 428, 428 (2011). "The process begins when a claimant files for benefits with a regional office of the Department of Veterans Affairs." *Id*. "Upon receiving a decision from the regional office, the claimant may appeal to the [Board of Veterans Appeals ("BVA")], which either issues the final decision of the Secretary or remands the claim to the regional office for further development and subsequent appeal." *Id*. (citing 38 U.S.C. § 511(a)). "The Court of Veterans Appeals ("CVA"), an Article I court established by Congress in the VJRA, has exclusive jurisdiction over appeals from the final decisions by the BVA." *Id*. (citing 38 U.S.C. § 7252(a)). "The Court of Appeals for the Federal Circuit has exclusive appellate jurisdiction over decisions of the CVA." *Id*. (citing 38 U.S.C. § 7292). "If necessary, a claimant may petition the United States Supreme Court to review the decision of the Court of Appeals for the Federal Circuit." *Id*. (citing 38 U.S.C. § 7291).

Here, this Court lacks jurisdiction under the VJRA to consider Plaintiffs' claims for denied benefits. *See, e.g., Newsom v. Dept. of Veterans Affairs*, 8 Fed. Appx. 470, 471 (6th Cir. 2001). Accordingly, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED for failure to state a claim upon which relief may be granted.

---

[1] The VJRA was established by Public Law No. 100-687, Title III, 102 Stat. 4105, 4113-4122 and was codified in "sections scattered in 38 U.S.C." *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id*. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. See, *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

Signed this 7th day of November, 2018.

> s/ Charmiane G. Claxton
> CHARMIANE G. CLAXTON
> UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**